**IN THE COURT OF APPEALS OF IOWA**

No. 22-1007
Filed April 26, 2023


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RUSTY LEE THROCKMORTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Becky Goettsch, District Associate Judge.


        Rusty Throckmorton appeals the sentence imposed on his criminal conviction. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

A jury found Rusty Throckmorton guilty of eluding while exceeding the speed limit by twenty-five miles per hour or more. At the sentencing hearing, the State pushed for the maximum sentence, highlighting the nature of the offense and Throckmorton's criminal history—which included a recent conviction and suspended sentence for the same crime. The defense requested probation, pointing to the recommendation for probation in a presentence investigation report and Throckmorton's "stable living situation, employment."

In his statement of allocution, Throckmorton focused on his family situation, noting that he is the "sole provider for all of them." The court stated:

> I did order . . . a [presentence investigation report] to just try to find some mitigating factors in this situation because I will tell you that the State is right on the nature and circumstances of the crime being a huge factor in sentencing here.
> That was incredibly dangerous, watching the video that I was able to see during the trial, especially when you're heading off of Southeast 14th up that ramp and then onto a very busy road, which is Southeast 14th, and cars are swerving. I mean, we're just— amazing nobody got hurt in this. And you're tearing through residential streets in the dark. If someone had been walking—it was very dangerous behavior, and you've done that before.

After Throckmorton responded his prior conviction was not "to that extent, though," the court added:

> Right, but you have a prior eluding.
> . . . .
> I find that pretty egregious. You know, I did order a [presentence investigation] to look for some mitigating factors, and, you know, it sounds like you can hold a job and, you know, take care of your family for periods of time. But I have to weigh that with, you know, protecting the public in this situation. So I do think that incarceration is appropriate.

The court imposed an indeterminate term of imprisonment not to exceed two years.[1] In its written sentencing order, the court noted that it also considered the circumstances of the crime; protection of the public from further offenses; and Throckmorton's criminal history, propensity for further criminal acts, age, and character.

Throckmorton appeals, claiming the sentencing court abused its discretion "by solely considering the nature of the offense." In making this claim, Throckmorton acknowledges that the court noted its consideration of other factors but asserts its "cursory mention" of those other factors "is insufficient when the record demonstrates that the district court relied solely on the nature and circumstances of the offense."

We review sentencing decisions for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Sentencing decisions . . . are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (ellipsis in original) (citation omitted). And our job is not to "second guess" the sentencing court's decision. *Formaro*, 638 N.W.2d at 725.

Throckmorton is correct that a sentencing court may not base its decision on any single factor. *See State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979) ("[N]o single factor, including the nature of the offense, will be solely

---

[1] The court ordered this term to be served consecutively to the prior eluding conviction "because this was repeated behavior, and the nature and consequences and circumstances of the crimes I find to be a significant danger to the community."

determinative."). But he is incorrect in arguing that's what happened here. Along with the circumstances of the crime, the court considered the presentence investigation report—which detailed Throckmorton's personal, employment, and family circumstances; criminal history; substance-abuse history; and various other matters. *See* Iowa Code §§ 901.5, 907.5(1) (2021). The court specifically discussed Throckmorton's employment and family circumstances and weighed those factors with the protection of the public. The record is clear that the court considered multiple factors in sentencing Throckmorton.

And we disagree with Throckmorton's insinuation that the court only gave lip service to factors beyond the circumstances of the crime. *See, e.g.*, *State v. Wright*, No. 21-1821, 2023 WL 152773, at *3 (Iowa Ct. App. Jan. 11, 2023) (rejecting claim that the court only relied on the circumstances of the crime when "the record show[ed] the court did not merely give lip service to the factors Wright complains it did not genuinely consider" because "[t]he court specifically noted its consideration of" several factors); *State v. Phelps*, No. 20-1403, 2021 WL 2690495, at *2 (Iowa Ct. App. June 30, 2021) (rebuffing claims that "the court 'failed to seriously consider any factors other than the nature of the offense'" and the court's "superficial[] refer[ence] to the other statutory factors, without more, is little better than oral boilerplate and cannot serve as a basis for finding the court gave serious consideration to the minimal essential factors" because the court acknowledged other factors and "that terse treatment does not signal an abuse of discretion" even when "the court did not discuss these factors at any great length").

While the court did give the circumstances of the crime heavier weight, "the district court enjoys the latitude to place greater importance on one sentencing

consideration over others." *State v. Latcham*, No. 10-1262, 2011 WL 1138569, at *3 (Iowa Ct. App. Mar. 30, 2011); *accord id.* ("[A]lthough it is clear the court placed greater importance on one sentencing consideration over others, it [is] also apparent the 'nature of the offense alone' was not the single factor determinative of the court's discretionary sentence." (internal citation omitted)).  As a result, we find the court did not abuse its discretion as alleged, and we affirm the sentence imposed.

**AFFIRMED.**